IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


STEWART TITLE GUARANTY COMPANY                              PLAINTIFF

VS.                          CIVIL ACTION NO. 5:07-CV-199 (DCB) (JMR)

J. ALLEN DERIVAUX, JR.                                      DEFENDANT


MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff's Motion for Summary Judgment **(docket entry 82)**, and on the defendant's Motion for Partial Summary Judgment **(docket entry 85)**. Having carefully considered the motions and responses, the memoranda and arguments of counsel, as well as the applicable law, and being fully advised in the premises, the Court finds as follows:

This is a breach of contract action brought by the plaintiff, Stewart Title Guaranty Company ("Stewart" or "the Company") against defendant J. Allen Derivaux, Jr. ("Derivaux"), an attorney who issued commitments and/or title insurance policies for Stewart pursuant to a Retainer Agreement.  According to Stewart, Derivaux committed errors in a number of commitments/policies he issued, resulting in numerous claims against Stewart as the title insurer. Further, Stewart claims that Derivaux failed to submit commitment/policy premiums to the Company, and failed to turn over policy jackets to the Company.

In its motion for summary judgment, Stewart seeks a judgment of liability against Derivaux for breach of contract, breach of

fiduciary duties as Stewart's agent, breach of duties of care, loyalty and contract as Stewart's attorney, negligence, gross negligence, and malicious and reckless disregard. Stewart seeks a judgment as a matter of law for damages on its indemnification claim pursuant to the Retainer Agreement between the parties. Stewart also seeks extra-contractual damages, punitive damages, and attorney fees for Derivaux's alleged gross negligence and malicious and reckless disregard. Id., p. 15.

A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party "... the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact ... ." Fed.R.Civ.P. 56(c). In determining whether there are any genuine issues of material fact, the Court must first turn to the applicable law to discern what factual issues are, indeed, material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fields v. City of South Houston, Tex., 922 F.2d 1183, 1187 (5th Cir. 1991). Then, the Court must examine the evidence of the type listed in Rule 56(c) to detect the existence or non-existence of a material issue. Id., at 1187. Further, "... summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, at 248. The Fifth Circuit has added:

2

> Both the Supreme Court and this circuit have addressed, at length, how much evidence the nonmoving party must present. The Supreme Court explained that the standard for granting summary judgment mirrors the standard for a directed verdict. ... "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment ...." ... Nor is the "mere existence of a scintilla of evidence" sufficient .... This circuit has described the amount of evidence the nonmoving party must bring forward as "significant probative evidence." ... This may be equated with the "substantial evidence" standard used to determine whether a directed verdict is appropriate.

State Farm Life Ins. Co. v. Gutterman, 896 F.2d 116, 118 (5th Cir. 1990)(citations omitted).

The moving party bears the initial burden of establishing the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Lavespere v. Niagara Mach. & Tool Works, 910 F.2d 167, 178 (5th Cir. 1990). Once the burden of the moving party is discharged, the burden shifts to the nonmoving party to go beyond the pleadings and show that summary judgment is inappropriate. Id., at 178; Fields, at 1187. The nonmoving party is obligated to oppose the motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial. Fed.R.Civ.P. 56(e); Fields, at 1187. If the opponent fails in its duty, summary judgment is implicated. Id., at 1187. The United States Supreme Court has also stated that summary judgment is mandated where sufficient time for discovery has elapsed and a

3

party has failed to establish an essential element of its case upon which it would have born the burden of proof at trial. Celotex, supra, at 322; Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

In his response to Stewart's motion for summary judgment, and in his own motion for partial summary judgment, Derivaux argues that the plaintiff's claims for breach of contract, breach of fiduciary duties, and negligence are barred by Mississippi's three year statute of limitations pursuant to Miss. Code Ann. § 15-1-49. The defendant contends that the limitations period should commence on July 21, 2003, the date his agency and attorney-client relationship with Stewart, by virtue of the Retainer Agreement, was terminated. Stewart, on the other hand, contends that it did not learn of its causes of action and specific claims until later, when claims were made against it based on Derivaux's errors. See Smith v. Sneed, 638 So.2d 1252, 1253 (Miss. 1994)("the statute of limitations in a legal malpractice action properly begins to run on the date the client learns or through the exercise of reasonable diligence should learn of the negligence of his lawyer"). Because there are genuine issues of material fact concerning the date that each particular claim accrued for statute of limitations purposes, neither party is entitled to summary judgment.

Stewart seeks summary judgment as to liability on its indemnification claim for curative fees, curative costs and

settlement costs associated with title claims resulting from Derivaux's work.  In support of its motion, Stewart submits the deposition testimony of the defendant, wherein Derivaux admits that he "screwed up a bunch of these closings in one way or another." Plaintiff's Brief, p. 13 (quoting Derivaux Depo., p. 124). Further, the defendant's expert concedes that "Mr. Derivaux did not follow the underwriting requirements that he was required to do to complete the transaction and issue the policy." Id. (quoting Depo. of Robert Dreyfus, p. 50).  Although Derivaux admits some culpability, the evidence presented by the plaintiff is not connected to any particular claim; therefore, for lack of specificity, the Court cannot render judgment as a matter of law.

Stewart also seeks summary judgment in the amount of $202,493.51 on the indemnification claim.  Because Derivaux contests the reasonableness of the charges, there is a genuine issue of material fact and summary judgment shall be denied.

Derivaux also asserts in his response and in his motion for partial summary judgment that Stewart's claims for extra-contractual damages, punitive damages and associated attorney fees were not pled according to Fed.R.Civ.P. 8.  Rule 8(a) requires that a complaint give "notice of the circumstances which give rise to the claim," and "sufficient information to outline the elements of [the plaintiff's] claim or to permit inferences to be drawn that these elements exist." Walker v. South Cent. Bell Tel. Co., 904

5

F.2d 275, 277 (5th Cir. 1990). The defendant points out that the plaintiff's Amended Complaint, initial disclosures, and discovery responses fail to allege that Derivaux was grossly negligent or that he acted with malice, and fail to mention any claims for extra-contractual damages, punitive damages and associated attorney fees. Furthermore, the defendant states that he was not aware Stewart intended to assert a claim for punitive/extra-contractual damages until Stewart filed its motion for summary judgment. Stewart responds that the "voluminous amount of claims, conversion of personal property and premiums, etc." pled in its Complaint and Amended Complaint entitle it to extra-contractual and punitive damages. Plaintiff's Rebuttal, p. 4.

Although the plaintiff is not required to expressly use the term "punitive damages" or to cite the statute under which punitive damages are sought in order to satisfy the requirements of Rule 8(a), the plaintiff must plead facts sufficient to put the defendant on notice that it seeks punitive damages, e.g., by alleging that the defendant acted with malicious intent or reckless indifference. See Barrow v. Greenville Indep. Sch. Dist., 2005 WL 39086 (N.D. Tex. Jan. 7, 2005); St. Pierre v. Maingot, 2002 WL 31655355 *3 (E.D. La. Nov. 21, 2002). The court finds that the plaintiff's pleadings failed to comply with Rule 8(a) in that they did not put the defendant on notice that Stewart was seeking extra-contractual damages, punitive damages and associated attorney fees.

6

Therefore, the plaintiff's motion for summary judgment shall be denied and the defendant's motion for partial summary judgment granted.

Derivaux's motion for partial summary judgment also seeks a ruling that Stewart is not entitled to declaratory relief on claims which are not the subject of this litigation. Stewart concedes Derivaux's argument. Plaintiff's Response, p. 1. Summary judgment shall therefore be granted on this claim. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion for Summary Judgment **(docket entry 82)** is DENIED;

FURTHER ORDERED that the defendant's Motion for Partial Summary Judgment **(docket entry 85)** is GRANTED IN PART AND DENIED IN PART as follows:

GRANTED as to any claim by the plaintiff for declaratory relief on claims which are not the subject of this litigation; GRANTED as to the plaintiff's claim for extra-contractual damages, punitive damages and associated attorney fees; and DENIED as to all other relief requested in the defendant's motion.

SO ORDERED, this the 28th day of December, 2009.

/s/ David Bramlette  
UNITED STATES DISTRICT JUDGE