IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STEWART TITLE GUARANTY COMPANY                                PLAINTIFF

VS.                           CIVIL ACTION NO. 5:07-CV-199 (DCB) (JMR)

J. ALLEN DERIVAUX, JR.                                        DEFENDANT

ORDER

This cause is before the Court on the defendant's Motion to Exclude the Expert Testimony of Lucien C. Gwin, Jr., Esq. **(docket entry 87)**. Having carefully considered the motion and response, the memoranda and arguments of counsel, as well as the applicable law, and being fully advised in the premises, the Court finds as follows:

In this action, the plaintiff seeks indemnification from the defendant under a Retainer Agreement, for curative fees, curative costs and settlement costs associated with title claims resulting from the defendant's work for the plaintiff. In support of its claim, the plaintiff shows that it employed a law firm, MacNeill & Buffington ("M&B") to perform curative work pursuant to the indemnity agreement, and offers expert testimony by Lucien C. Gwin, Jr., an attorney, concerning the necessity and reasonableness of the curative work.

The defendant previously filed a motion to exclude Gwin's testimony on the basis that he was not qualified, but the motion was withdrawn. The defendant's present motion is based on the lack

of "a reliable method or procedure," and contends that Gwin "did not review M&B's attorneys' fees according to Mississippi's legal standard or the reasonableness of attorneys' fees." Def.'s Mot., p. 2. Specifically, Derivaux claims that "Mr. Gwin's opinion regarding M&B's curative fees, without reviewing the time spent on the title claims and without even having bills for some title claims, is nothing more than a blanket endorsement of M&B's curative fees." Def.'s Brief, p. 11. The defendant challenges the expert's testimony as deficient under Mississippi law which provides a standard for determining whether attorneys' fees are reasonable, and urges the Court to reject the testimony under Fed.R.Evi. 702.

The plaintiff counters that Gwin reviewed M&B's files on all 34 claims involved in this lawsuit, including invoices, Stewart's claim files, and the 16 files produced by Derivaux, and that Gwin spent 80 hours reviewing the files and preparing his report. Gwin states in his report that he reviewed the curative work performed by M&B, and that he bases his opinion on "the necessity for the curative work and the reasonableness of the firm's charges for the work performed." Expert Report, p. 7. He also states that he reviewed "the appropriate topical parts of Stewart Title Underwriting Manual and Agent Master File Report," as well as "all documents submitted to me by Mr. Pierce and Mr. Mike McKay of MacNeill and Buffington relating to the claims made on the thirty-

four (34) loan closings and title policies or commitments handled and issued by Mr. Derivaux." Expert Report, p. 2.

After review of the parties' submissions, the Court finds insufficient grounds to exclude Gwin's testimony on the present record. The parties will be allowed to develop further testimony on this issue at trial. Since this is to be a bench trial, it will not be necessary to hold a <u>Daubert</u> hearing prior to trial. Accordingly,

IT IS HEREBY ORDERED that the defendant's Motion to Exclude the Expert Testimony of Lucien C. Gwin, Jr., Esq. **(docket entry 87)** is DENIED WITHOUT PREJUDICE.

SO ORDERED, this the 28th day of December, 2009.

/s/ David Bramlette<br>
UNITED STATES DISTRICT JUDGE